## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

AMANDA LEA SHADY-GRIFFITH, )
                                )
           **Plaintiff,**      )
                                )
**v.**                                )       **Case No. CIV-24-386-GLJ**
                                )
**LELAND DUDEK,**               )
**Acting Commissioner of Social**   )
**Security Administration,[1]**     )
                                )
          **Defendant.**     )

## OPINION AND ORDER

Claimant, Amanda Lea Shady-Griffith, was the prevailing party in this action under the Social Security Act. She now seeks an award of attorney's fees in the amount of $1,377.20, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Docket No. 16. The Commissioner agrees that Claimant is entitled to a reasonable fee award, but argues the total fee requested is excessive. Docket No. 17. For the reasons set forth below, the Court concludes that Claimant should be awarded a reduced amount of $1,146.80 in attorney's fees under the EAJA as the prevailing party herein and be awarded an additional $567.00 in attorney fees for time expended in defending her request for attorney fees.

Claimant's counsel submitted billing records indicating that his firm expended 3.6 billable attorney hours and 4.7 billable paralegal hours on Claimant's appeal before this

---

[1] On February 16, 2025, Leland Dudek became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Dudek is substituted for Carolyn W. Colvin as the Defendant in this action.

Court. Docket Nos. 16-5, & 16-6. The Commissioner argues that this is not reasonable.[2]

*See, e. g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.' . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary[.]"). Specifically, the Commissioner takes issue with (i) 1.8 hours of paralegal time and 0.25 hours of attorney time billed for overhead items or clerical tasks, (ii) 0.3 hours of attorney time for "check-off tasks" and, (iii) 0.35 hours of attorney time on a 1.1-hour entry dated 12/3/2024 for being improperly billed. Docket No. 17, pp. 4-5.

"Although the EAJA provides for an award of 'fees and expenses . . . incurred by [a] party in any civil action . . . brought by or against the United States[,]' clerical work and overhead expenses are not compensable." *Villalobos v. Colvin*, 2016 WL 1017929, at *2 (D.N.M. July 12, 2016) (collecting cases). Upon review of the paralegal time entries at issue here, the Court agrees that the entries challenged by the Commissioner correspond to clerical tasks that are not compensable.[3] *Rodriguez v. Berryhill*, 2017 WL 3278944, at *2

---

[2] The hourly rates sought by the Plaintiff are in line with those prescribed by the Commissioner, *i.e.*, $252/hour in 2024 and 2025, and there is no contention by the Commissioner that they are unreasonable in this case. *See* Docket No. 16, Ex. 2; *Hospice Cntr. of Southeastern Okla., Inc. v. Sebelius*, 2013 WL 2007315, at *1 n.1 (E.D. Okla. May 13, 2013) ("The court takes judicial notice that the Office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U."). Likewise, the Commissioner does not object to the paralegal's hourly rate of $100/hour.

[3] This time consists of (i) 0.6 hours billed on 9/13/2024 for "files received, reviewed, and processed from referral source for attorney review[,]" (ii) 0.6 hours on 10/09/2024 for preparing "FDC contract and other rep documents" for client completion, (iii) 0.3 hours billed on 10/11/2024 for executing "FDC contract" and reviewing other "rep documents" for proper completion, and (iv)

(D.N.M. Aug. 1, 2017) (finding initial review of administrative record and preparation of working index to be non-compensable clerical tasks); *White v. Barnhart*, 2006 WL 2433835, *6 (E.D. Pa. Aug. 18, 2006) (holding "docketing, directing service and preparing client letters" to be non-compensable clerical work). Accordingly, the Court finds the paralegal time should be reduced by a total of 1.8 hours for time spent on clerical tasks.

Relatedly, the Commissioner requests the Court reduce Claimant's 0.5 hours billed to "draft complaint and civil cover sheet" to 0.25 hours on the basis that drafting the civil cover sheet is clerical in nature. "[P]reparing a summons and cover sheet and verifying service and executing a return of service is clerical work." *Lann v. Colvin*, 2015 WL 8262223, at *1 (W.D. Okla. Nov. 10, 2025). "[D]rafting a complaint, however, is not purely clerical work; whether it is in-part clerical depends on its length, complexity, and boilerplate language." *Apachito v. Berryhill*, 2018 WL 5112908, at *2 (D.N.M. Oct. 19, 2018). Although the drafting of the civil cover sheet is clerical in nature, the Court finds a reduction in time is unwarranted here. *See Apachito*, 2018 WL 5112908, at *2 (noting preparation of the civil cover sheet is clerical, but nonetheless allowing 1 hour of time for time spent drafting complaint); *Ramirez v. Kijakazi*, 2023 WL 2167294, at *4 (D.N.M. Feb. 22, 2023) (declining to reduce 0.4 hours billed for drafting complaint and civil cover sheet).

---

0.3 hours billed on 12/12/2024 for "FDC remand referral back to referral source." Docket No. 16-6, p. 2.

Commissioner next asserts it was unreasonable for Claimant to bill 0.1 hours to "[r]eview notice of appearance by Michael J. O'Malley o/b/o Commissioner of SS," 0.1 hours to "note all parties consent to Magistrate Judge," and 0.1 hours to review another notice of appearance because these entries are "check-off" tasks and are minimalistic in nature. Docket No. 17, p. 4. The Court agrees that a reduction is appropriate but only as it pertains to the time billed for the 0.2 hours of time spent reviewing the notice of appearances. Nonetheless, the Court finds Claimant should be compensated to some extent for the time spent on the various minor tasks and concludes that 0.1 hours sufficiently does so in this case. *See Peng See v. Colvin*, 2014 WL 2442578, at *7 (E.D. Cal. May 30, 2014) (reducing hours for "check off tasks that should each take no more than a few seconds to accomplish."); *Gossett v. Berryhill*, 2017 WL 2821940, at *2 (N.D. Okla. June 29, 2017) (reducing billing entries for "various non-drafting tasks," from 0.2 or 0.3 hours to 0.1 hours.). *See also Ayze v. Kijakazi*, 2022 WL 17038637, at *5 (D.N.M. Nov. 17, 2022) ("Short 'reviews' of docket events, such as the assignment of judges, attorney appearances, and deadline notices are no more than looking at the docket or at a document[,]" and are thus purely clerical work.).

Lastly, the Commissioner challenges a 1.1-hour entry dated December 3, 2024, for reviewing the administrative record and the ALJ decision for remand negotiations maintaining that it should be reduced by 0.35 hours. Docket No. 17, p. 5. Specifically, the Commissioner asserts that Claimant could not have spent 1.1 hours on this task because the time between the record being filed and the unopposed motion to remand being filed

-4-

was only thirty-nine minutes. Docket No. 17, p. 5. Counsel for Claimant argues that this review also consisted of records already in his possession that were provided by prior counsel. Docket No. 18. This proffered explanation is reasonable, and Court finds that the 1.1 hours billed should not be reduced. In sum, Claimant is to be awarded $856.80 for 3.4 hours of attorney time and $290 for paralegal fees for 2.9 hours,[4] resulting in a total award of $1,146.80.

Claimant also requests an additional $1,143.000, for 4.5 hours of attorney work expended defending the EAJA fee application. However, because Claimant achieved only partial success the Court finds a reduction of 50% is appropriate. *See Hensley*, 461 U.S. at 440. ("But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."); *Hardister v. Kijakazi*, 2022 WL 2304284, at *3 (D. Utah June 27, 2022) ("Based on the strong preferences against litigation over fees, and the fact that this type of litigation does not advance Plaintiff's case, instead focusing on a form of economic relief to improve the financial lot of an attorney . . . the court reduces this request by 75%[.]"). Thus, Claimant should be awarded an additional $567.00, bringing the total award to $1,713.80.

Upon review of the record herein, the Court therefore finds that said amount is reasonable and that the Commissioner should be ordered to pay it to Claimant as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States

---

[4] Representing a reduction of 0.2 hours in attorney time and 1.8 hours in paralegal time.

fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 16] is hereby GRANTED IN PART and DENIED IN PART, and that the Government is hereby ordered to pay attorneys' fees in the amount of $1,713.80 to Claimant as the prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 24th day of March, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**